UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

JOHN ROBERT SMITH,

        Plaintiff,

v.

JEREMY BUSH et al.,

        Defendants.
_____/

Case No. 1:23-cv-579

Honorable Ray Kent

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*. (ECF No. 4.) Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge.[1] (ECF No. 1, PageID.9.)

In an opinion and judgment (ECF Nos. 5 and 6) entered on June 28, 2023, the Court dismissed Plaintiff's complaint for failure to state a claim under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c). Plaintiff subsequently appealed. (ECF No. 7.) In an order and judgment (ECF Nos. 11 and 12) entered on January 19, 2024, the United States Court of Appeals for the Sixth Circuit vacated this Court's judgment and remanded the case for further proceedings after concluding that Plaintiff had adequately set forth an Eighth Amendment claim. The Sixth Circuit's mandate was issued on February 12, 2024. (ECF No. 14.)

---

[1] (*See* Op., ECF No. 5, PageID.26–28.)

In light of the Sixth Circuit's mandate, this matter is again before the Court for screening under the PLRA. The Court is required to conduct this initial review prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Rewerts for failure to state a claim. Plaintiff's Eighth Amendment claim against Defendant Bush remains in the case.

## Discussion

### I.   Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Gus Harrison Correctional Facility (ARF) in Adrian, Lenawee County, Michigan. The events about which he complains, however, occurred during Plaintiff's incarceration at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County, Michigan. Plaintiff sues MDOC Deputy Director Jeremy Bush and DRF Warden Randee Rewerts. Plaintiff states that he is suing both Defendants in their official and personal capacities. (Compl., ECF No. 1, PageID.2.)

Plaintiff alleges that on October 3, 2022, the zipper on his state-issued winter coat broke. (*Id.*, PageID.3.) He submitted a request for a replacement coat that same day. (*Id.*) On October 19, 2022, Plaintiff received a callout to the quartermaster, where he exchanged his old coat for a new one. (*Id.*) Plaintiff, however, "discovered that there was a difference between the new coat and old

2

coat." (*Id.*) According to Plaintiff, the new coat "lacked an outer shell that would afford the minimum protection from the cold, rain[,] and wind." (*Id.*)

On October 19, 2022, Plaintiff sent a letter to Defendant Rewerts, complaining about the new coat and asking for an investigation "into the viability of a more suitable winter coat." (*Id.*) That same day, Plaintiff sent a letter to Defendant Bush, enclosing a copy of his letter to Defendant Rewerts. (*Id.*) Plaintiff asked Defendant Bush to review the letter and asked about the "procedure used to upgrade the coats." (*Id.*)

On October 24, 2022, Plaintiff filed a Step I grievance about the matter, in which he explained that he had sent letters to Defendants Rewerts and Bush about the coat. (*Id.*, PageID.3–4.) His Step I grievance was rejected on October 28, 2022, for "failing to attempt to resolve." (*Id.*, PageID.4.)

On November 2, 2022, Plaintiff received a response to his letter to Defendant Rewerts. (*Id.*) That response stated that "winter coats can be purchased [through] approved vendors" and that the winter coats were created and approved "according to MDOC specification." (*Id.*) Plaintiff did not receive a response from Defendant Bush. (*Id.*)

On November 4, 2022, Plaintiff filed his Step II grievance appeal, "declaring that [he] did attempt to resolve the complaint via a letter to [Defendants Bush and Rewerts] and demanding that the grievance be processed and then heard on its merits." (*Id.*, PageID.5.) Plaintiff received no response to his Step II appeal. (*Id.*) Plaintiff filed his Step III appeal on November 28, 2022. (*Id.*) On February 21, 2023, his Step III appeal was rejected. (*Id.*)

On March 2, 2023, Plaintiff sent a second letter to Defendant Bush "in a further attempt to resolve the complaint of the inadequacy of the new coats." (*Id.*) On March 11, 2023, Plaintiff sent a letter to DRF Grievance Coordinator L. Becher (not a party), asking how to file a grievance

3

against the Deputy Director. (*Id.*, PageID.5–6.) Plaintiff did not receive responses to either letter. (*Id.*, PageID.6.)

On March 13, 2023, Plaintiff filed a second Step I grievance, declaring that he had attempted to resolve his complaints about the coat by sending a letter to Defendant Bush, with copies of such letter sent to MDOC Director Washington and Defendant Rewerts. (*Id.*) Plaintiff's grievance was rejected on April 5, 2023. (*Id.*, PageID.7.) His Step II and III appeals were rejected on April 24, 2023, and May 17, 2023, respectively. (*Id.*, PageID.7–8.)

Plaintiff claims that from October 19, 2022, through April 21, 2023, DRF experienced "weather consisting of extreme cold temperatures, freezing rain[,] and high winds." (*Id.*, PageID.8.) According to Plaintiff, he was "forced to stand in the extreme cold temperature, freezing rain[,] and high winds for long periods of time (15–30 minutes) because of having mandatory daily callouts to the medication lines as well as other activities that required Plaintiff to be outside." (*Id.*) Plaintiff avers that Defendants are

> both aware of the need for a more suitable new coat to be issued to inmates housed by the MDOC, and have chosen purposefully to ignore the deficiency of the new coat, whether for their own ambition of advancement or other type of gain, by directing [Michigan State Industries (MSI)] to manufacture an inferior winter coat to be issued to inmate[s], while allowing MSI to manufacture and sell a winter coat, that is adequate for the severe Michigan winters, to inmates.

(*Id.*)

Based on the foregoing, Plaintiff asserts violations of his Eighth Amendment right to be "free from the unnecessary infliction of cruel and unusual punishment as an incarcerated person." (*Id.*) He seeks declaratory relief, as well as prospective injunctive relief in the form of an order directing Defendants "to provide inmates with an adequate winter coat." (*Id.*, PageID.9.)

4

## II.  Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to

5

identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A.    Claims Against Defendant Rewerts

As noted *supra*, Plaintiff sues Defendant Rewerts in both his official and personal capacities. Plaintiff, however, is no longer confined at DRF, where Defendant Rewerts is Warden. Instead, Plaintiff is now confined at ARF. The United States Court of Appeals for the Sixth Circuit has held that transfer to another correctional facility moots a prisoner's claims for declaratory and injunctive relief against a defendant in both his or her official and personal capacities. *See Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *see also Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010); *Graham v. Mercer*, No. 98-2238, 1999 WL 1045103, at *2 (6th Cir. Nov. 10, 1999); *Raheem v. Lecureux*, No. 91-1434, 1991 WL 196274, at *2 (6th Cir. Oct. 3, 1991). For that reason alone, Plaintiff's claims against Defendant Rewerts are subject to dismissal. Although Plaintiff is seeking prospective declaratory and injunctive relief, he has the opportunity to receive such relief no matter where he is housed in the MDOC by virtue of his claim against Defendant Bush, a Deputy Director of the MDOC.

### B.    Claims Against Defendant Bush

In its order remanding this case, the Sixth Circuit noted that Plaintiff had adequately set forth an Eighth Amendment claim. The Sixth Circuit stated that it is

> reasonable to infer that a coat lacking an outer shell is likely to permit water and wind to penetrate through to the wearer's skin, and that combining that wetness and wind with northern Michigan's 'extreme cold' for up to 30 minutes at a time presents a risk of physical harm beyond mere inconvenience.

(ECF No. 11, PageID.57.) The Sixth Circuit also noted that Plaintiff had set forth facts "satisfying the subjective component—that the defendants acted with a sufficiently culpable state of mind." (*Id.*, PageID.58.) Notably, the Sixth Circuit stated, Plaintiff "alleged that the defendants were

aware that the new coats were inadequate to protect inmates from the severe Michigan winters and chose to ignore the new coats' deficiencies." (*Id.*) Moreover, Plaintiff alleged that Defendant Bush was "the sole person responsible for determining the material used in all clothing manufactured by MSI." (*Id.*) In light of the Sixth Circuit's opinion, Plaintiff may proceed on his Eighth Amendment claim against Defendant Bush.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Rewerts will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Plaintiff's Eighth Amendment claim against Defendant Bush remains in the case.

An order consistent with this opinion will be entered.


Dated:   April 2, 2024                               /s/ Ray Kent
                                                     Ray Kent
                                                     United States Magistrate Judge