UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN ROBERT SMITH, #225908,            )
                        Plaintiff,      )
                                        )         No. 1:23-cv-579
-v-                                     )
                                        )         Honorable Paul L. Maloney
JEREMY BUSH and RANDEE REWERTS,         )
                        Defendants.     )
                                        )

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Smith, a prisoner under the control of the Michigan Department of Corrections (MDOC), alleges an Eighth Amendment claim against the remaining Defendant, Jeremy Bush.  Defendant filed a motion for summary judgment (ECF No. 33). The Magistrate Judge issued a report recommending the court grant Defendant's motion (ECF No. 47).  Plaintiff filed objections (ECF No. 48).  The court will adopt the recommendations and will grant Defendant's motion.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Plaintiff's Eighth Amendment claim arose when MDOC issued him a new winter coat.  Plaintiff alleges the new coat did not provide sufficient protection from the winter weather which, in Michigan, can be quite cold and wet.  Plaintiff pleaded that defendants directed MSI (Michigan State Industries) to manufacture inferior winter coats to be issued to inmates while allowing MSI to sell more suitable winter coats to inmates.  Defendant Bush is the deputy director of the Correctional Facilities Administration for MDOC.  Plaintiff pleaded that Bush was solely responsible for determining the materials used in all clothing manufactured by MSI and MSI was the sole provider of state issued winter coats for MDOC inmates.

The Magistrate Judge summarized the relevant law and facts for an Eighth Amendment claim.  Plaintiff does not object to the summary of the law.  The Magistrate Judge found that Plaintiff created a genuine issue of material fact concerning the objective prong of an Eighth Amendment claim.  The Magistrate Judge found that Plaintiff did not establish a genuine issue of material fact for the subjective prong of an Eighth Amendment claim.

Plaintiff identifies five statements in the R&R to which he objects.

1.  Plaintiff did not include the enclosed letter to Warden Rewerts.

Plaintiff objects.  Plaintiff argues the letter is part of the record because he included it as an exhibit in his appeal to the Sixth Circuit.  Plaintiff also argues that the court can infer from Defendant's brief that he read the letter.

The court overrules the objection.  For context, on October 19, 2022, Plaintiff addressed a letter to Warden Rewert complaining about the coat.  That same day, Plaintiff

addressed a letter to Bush and purportedly enclosed a copy of the letter sent to Rewerts (ECF No. 44-2 PageID.215). The letter purportedly sent to Rewerts is not part of the record before this court and Defendant's brief does not permit the inference that Bush read Plaintiff's letter to Warden Rewerts.  Even if the court could consider exhibits submitted to the Sixth Circuit as part of an appeal, Plaintiff did not inform this court where the letter might be found in the record.

2.  Plaintiff's submission does not establish that Bush acted with a culpable state of mind. There is no evidence that this letter was sent to, or received by, Bush.

Plaintiff objects.  Plaintiff argues the record does not contain any evidence from which the court could assume or infer that Plaintiff did not send and Bush did not receive the letter. Plaintiff argues that Bush did not argue or otherwise indicate that he did not receive the letter. For context, Plaintiff refers to a letter dated March 2, 2023 (ECF No. 44-3 PageID.217).

Concerning the second sentence, the court agrees with Plaintiff.  The court must make inferences favoring Plaintiff as the non-moving party.  Bush does not argue that he never received any letters from Plaintiff.  Bush testified that he did not have any direct communication with Plaintiff.  But Plaintiff did not object to the first sentence and the court finds that the record does support that conclusion.  Any error here was harmless.

3.  Neither letter advised Bush how the coats are inadequate.

Plaintiff objects.  Plaintiff argues that the Magistrate Judge makes an impermissible inference.  Plaintiff again argues that Bush did not make this argument.

The court overrules this objection.  Bush does argue that the record lacks evidence to show he was subjectively aware that Plaintiff was at risk of harm.  The court agrees with

the Magistrate Judge that the two letters failed to inform Bush how the coats placed Plaintiff in danger from the Michigan winters.  Neither the October 19 nor the March 2 letters sent to Bush suffice to establish the subjective prong for an Eighth Amendment claim.  At best, the two letters establish that Bush was aware that Plaintiff thought the coats were inadequate for the Michigan winter.  The letters do not permit the inference that Bush reached the same conclusion.  The letters merely express Plaintiff's opinion about the coat.  The letters provide insufficient details about the coat for the court to conclude that the letters made Bush aware that Plaintiff faced a risk of substantial harm.

4.  Based on the record, the court concludes that plaintiff has failed to establish the subjective prong.

Plaintiff objects.  Plaintiff points to Bush's answer to Interrogatory No. 4 (ECF No.44-1 PatgeID.211).  Plaintiff asked Bush to describe the process used to select materials recommended to MSI for the manufacturing of state-issued winter coats.  Bush responded that he did not know how materials were selected.

The court overrules this objection.  Bush's answer to the interrogatory does not undermine the Magistrate Judge's conclusion.  Assuming Bush was responsible for selecting materials, his answer might establish negligence.  His answer does not, however, establish that he was subjectively aware that a MSI-issued coat would pose a risk to Plaintiff if Plaintiff were exposed to a cold Michigan winter.

5.  The Magistrate Judge recommends that Defendant Bush's motion for summary judgment be granted.

Plaintiff objects.  Plaintiff insists he has established a genuine issue of material fact concerning the subjective prong.

The court overrules this objection for the reasons explained above.

For these reasons, the court **ADOPTS** the report and recommendation (ECF No. 47) and **GRANTS** Defendant Bush's motion for summary judgment (ECF No. 33).  **IT IS SO ORDERED.**

Date:    February 20, 2026                          /s/  Paul L. Maloney
                                                                Paul L. Maloney
                                                                United States District Judge

5